# EXHIBIT A

**Donald L Brown**
**THE GABLES**
**95 University Ave Apt 2128**
**Westwood, MA 02090**
**donaldloringbrown@gmail.com**
**781 708 9654**

RECEIVED
MAY 2 8 2024
Draper Mail Room
SYF

## MAY 22, 2024

### VIA PRIORITY MAIL

RE:   **BROWN V SYNCRONY FINANCIAL SERVICES COMPANY, ET AL**
      **Civil Action #:  2454 CV 000284**

Dear Sir or Madam:

Enclosed herewith is a copy of Plaintiff's Complaint which on this DAY, HAS been filed at the Civil Clerks Office in the Dedham District Court.

Also included in this packet are plaintiff's Interrogatories and Plaintiffs Request for Production of Documents to the defendant.

Also enclosed is a Summons which needs to be sent by certified mail and returned to plaintiff at the above address.

Service of Process is hereby made upon you under the Massachusetts Long-Arm Statute (Chapter 223A of the Massachusetts General Laws).

Please forward a copy of your Answer to this Complaint and the responses to the discovery to the undersigned and file the original answer, OF THE COMPLAINT only, to the above-mentioned court.

Thank you for your kind attention to this matter.

**Respectfully,**

**Donald L. Brown**
**Pro Se**

**MAY 22, 2024**

# Commonwealth of Massachusetts
## Dedham District Court
631 High Street
Dedham, MA 02026
(781) 329-4777

RECEIVED

MAY 2 8 2024

Draper Mail Room
SYF

_Donald L. Brown_
PLAINTIFF(S),

CIVIL No. 2454 CV 00284

v.

_Synchrony Financial Services Co., et al_
DEFENDANT(S)

**SUMMONS**

COPY

THIS SUMMONS IS DIRECTED TO _Synchrony Bank_
(Defendant's name)

**1. This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Dedham Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

**2. You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Dedham District Court, 631 High Street, Dedham, MA 02026" and to the individual below:

_____, at _____

(name of Plaintiff or Plaintiff's attorney)

Mr Donald L Brown
95 University Ave Unit 2128
Westwood MA 02090-2375

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

**3. Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

**4. You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.** Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Michael J. Pomarole, First Justice on _MAY 23_, 20_24_.

(SEAL)

_____
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### RETURN OF SERVICE
(for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐   Last and usual at (address)*

_____          _____
                                                           (signature)

_____          _____
                                                           (name and title)

☐   In hand                                _____
                                                           (address)

☐   Other:

**_Please place date you make service in this box and on copy served on defendant and return original to this Court:_**

_____

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

Rev. 9/2015

**Donald L Brown**
**95 University Ave Apt 2128**
**Westwood, MA 02090**
**donaldloringbrown@gmail.com**
**H 781 708 9654**

**OCTOBER 16, 2023**


**Clerk's Office**
**Dedham District Court**
**631 High Street**
**Dedham, MA 02026**



**RE Brown vs SYNCRONY FINANCIAL SERVICES ET AL**

**Dear Clerk:**

**I have enclosed for you review a Complaint, a Statement of Damages and a
properly filled out Affidavit of Indigency (and the 2-page form for
determination).**

**AND, IF APPROVED: I respectfully request that your office PLEASE FILE THE
DOCUMENTS AND NOTIFY ME OF THE DOCKET NUMBER. In addition, please
send me a summons the defendant so that I may send them to the sheriff to
serve the defendant.**

**Thank you for your assistance and consideration.**


**Respectfully,**



**Donald L. Brown**

| STATEMENT OF DAMAGES G.L. c. 218, § 19A(a) | DOCKET NO. 24SUCV00284 | Trial Court of Massachusetts | |
|---|---|---|---|

PLAINTIFF(s) _Donald L Brown_

DEFENDANT(s) _Synchrony Fin Ser ETAL_   DATE FILED _5/16/24_

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

COURT DIVISION ▾

## TORT CLAIMS

| | AMOUNT |
|---|---|
| A.   Documented medical expenses to date: | |
| 1. Total hospital expenses: | $_____ |
| 2. Total doctor expenses: | $_____ |
| 3. Total chiropractic expenses: | $_____ |
| 4. Total physical therapy expenses: | $_____ |
| 5. Total other expenses (describe) _____ | $_____ |
| SUBTOTAL: | $_____ |
| B.   Documented lost wages and compensation to date: | $_____ |
| C.   Documented property damages to date: | $_____ |
| D.   Reasonably anticipated future medical and hospital expenses: | $_____ |
| E.   Reasonable anticipated lost wages: | $_____ |
| F.   Other documented items of damage (describe): _____ | $_____ |
| G.   Brief description of Plaintiff's injury, including nature and extent of injury: | |

_Int & Neg Infliction of Emo. Distress_
_93A Claims_

_40,000.00_

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** $ _40,000.00_

## CONTRACT CLAIMS

| | AMOUNT |
|---|---|

☐ **This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)**

Provide a detailed description of the claim(s):

_Defendant Breached the Contract_
_Between the Parties_

$ _____
$ _____
$ _____

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** $ _10,000.00_

ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF)

SIGNATURE _Donald L Brown_   DATE _5/16/24_

PRINT OR TYPE NAME _Donald L Brown_   B.B.O.#

ADDRESS _85 University Ave Apt 1598_
_Westwood, MA 02090_

DEFENDANT'S NAME AND ADDRESS:
_Synchrony Fin Services ETAL_
_777 Long Ridge Rd_
_Stamford, CT 06905_

**CERTIFICATION PURSUANT TO SJC RULE 1:18:** I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: _Donald L Brown_   Date: _5/16/24_

Synchrony Bank
170 Election Road
Draper, UT 84020

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                                        **TRIAL COURT DIVISION**
                                                       **DEDHAM DISTRICT COURT**
                                                       **CA# 2354 CV 000284**

| | |
|---|---|
| **DONALD L. BROWN** | ) |
| **Plaintiff** | ) |
| **Vs.** | ) |
| | ) |
| **SYNCHRONY FINANCIAL SERVICES COMPANY** | ) |
| **SYNCHHRONY BANK** | ) |
| **DEFENDANTS** | ) |

### COMPLAINT

### JURISDICTION

1. The plaintiff, Donald L Brown, ("Brown") at all times relevant hereto, was a resident of 95 UNIVERSITY AVE APT 2128 in Westwood, Norfolk County, Massachusetts.

2. Because the plaintiff is a resident of the town of Westwood, the appropriate Court with jurisdiction over this matter is the Dedham District Court, within Norfolk County in the Commonwealth of Massachusetts.

### PARTIES

3. The plaintiff is a resident of 95 University Ave. Apt 2128, Westwood, MA, 02090 in the County of Norfolk within the Commonwealth of Massachusetts.

4. The defendant SYNCHRONY FINANCIAL SERVICES COMPANY ("SFSC") upon information and belief IS THE PARENT COMPANY OF THE CO-DEFENDANT SYNCHRONY BANK AND conducts business worldwide and within Norfolk County and has a place of business at 777 LONG RIDGE ROAD IN STAMFORD, CT 06905.

5. The defendant SYNCHRONY BANK, ("SYNC") upon information and belief IS A SUBSIARY OF THE CO-DEFENDANT SYNCHRONY FINANCIAL SERVICES COMPANY AND conducts business worldwide and within

Norfolk County and has a place of business at 170 WEST ELECTION ROADIN DRAPER, UTAH 84020.

## GENERAL FACTS

6. The plaintiff NEVER APPLIED TO EITHER DEFENDANT FOR A CREDIT LINE OR ACCOUNT.

7. On information and belief THE ACCOUNT APPEARING ON THE PLAINTIFF'S CREDIT REPORT WAS OPENED BY AN UNKNOWN PERSON ALSO BY THE NAME OF DONALD BROWN AND DEFENDANT(S) KEPT IT ON PLAINTIFF'S CREDIT REPORT FOR OVER EIGHT YEARS, TO THE DETRIMENT OF PLAINTIFF'S CREDIT SCORE.

8. The plaintiff RESPONDED immediately AND asked THE DEFENDANTS TO withdraw the credit ACCOUNT. OVER EIGHT YEARS THE PLAINTIFF ASKED THE DEFENDANT(S) TO OPEN AN INVESTIGATION AND REMOVE THE ACCOUNT FROM HIS CREDIT REPORTS, ALL TO NO AVAIL.

9. On August 25, 2022 plaintiff mailed a CONSUMER complaint letter stating that plaintiff wanted the ACCOUNT Removed FROM HIS CREDIT REPORTS BECAUSE IT WAS OBVIOUS THAT THE DEFENDANT(S) DIDN'T HAVE ANY VALID REASONS FOR INCLUDING IT ON THE PLAINTIFF'S CREDIT REPORT.

10. Plaintiff soon discovered that THE DEFENDANTS refused his request to delete the ACCOUNT from plaintiff's credit reports.

11. THE DEFENDANTS had reported plaintiff to the three major credit reporting agencies and that THE DEFENDANTS had constructively caused a lowering of plaintiff's credit score.

12. THE DEFENDANTS WERE "targeting" Brown AND ATTEMPTING TO PUNISH THE PLAINTIFF by posting a derogatory comment (an ACCOUNT REPORTED TO THE CREDIT BUREAUS is used to reduce plaintiff's credit score).

13. Defendant committed various acts which are actionable for plaintiff because of the effect and the harm caused to the plaintiff by lowering his credit score.

14.      Brown has been damaged by these acts which violate the Massachusetts General Laws Fair Credit Reporting Act and the Massachusetts Consumer Protection Act, both enacted to protect consumers like Brown from the unfair and deceptive practices of those who purport to invalidly report to credit reporting agencies and damage the credit standing of consumers.

15.      The behavior of THE DEFENDANTS is unfair and deceptive as defined in the Massachusetts Consumer Protection Act Chapter 93A, and the violations of that section.

16.      Plaintiff claimed violations of the Massachusetts Consumer Protection Act in a 93A demand letter that plaintiff sent to the defendant on JANUARY 2, 2022.

## COUNT 1
## BROWN V. SYNCHRONY FINANCIAL SERVICES COMPANY
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

17. *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

18. *The defendant engaged in an 8 YEAR long and regular pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff*

19. *The defendant's ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.*

20. *The wrongdoing of the defendant went far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.\*

21. *The behavior of the defendant was atrocious and beyond all bounds tolerated in a civilized society.*

22. *The defendant's actions were clearly intentional and malicious and were done solely for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.*

*23.* **As a proximate result of defendant's intentional acts the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has his reputation ruined.**

*24.* **As a direct and proximate result of the Intentional Infliction of Emotional Distress of defendant, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a diminished credit score which effectively reduced what should have been a cheaper cost of credit. That increased credit cost caused plaintiff to suffer from a very poor credit rating caused by misinformation that should have never happened – all due to the Intentional Infliction of Emotional Distress by the defendant.**

*25.* **Plaintiff's ability to enjoy life and to attend to plaintiff's usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Intentional Infliction of Emotional Distress.**

*WHEREFORE the Plaintiff Donald Brown demands judgment against Defendant FOR $10,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT II
## BROWN V. SYNCHRONY FINANCIAL SERVICES COMPANY
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

*26.    The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

**27.    The defendant engaged in An EIGHT YEAR long and regular pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.**

**28.    The defendant's on-going behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.**

**29.    The wrongdoing of the defendant went far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.**

30. The behavior of the defendant was atrocious and beyond all bounds tolerated in a civilized society.

31.  The defendant's actions were clearly negligent and malicious and were done solely for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

32.  As a proximate result of defendant's negligent acts the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has his reputation ruined.

33.  As a direct and proximate result of the Negligent Infliction of Emotional Distress of defendant, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a diminished credit score which effectively reduced what should have been a cheaper cost of credit. That increased credit cost caused plaintiff to suffer from a very poor credit rating caused by misinformation that should have never happened – all due to the Negligent Infliction of Emotional Distress by the defendant.

34.  Plaintiff's ability to enjoy life and to attend to plaintiff's usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Negligent Infliction of Emotional Distress.

*WHEREFORE the Plaintiff Donald Brown demands judgment against Defendant FOR $10,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT III
## BROWN V. SYNCHRONY FINANCIAL SERVICES COMPANY
## VIOLATION OF THE MASSACHUSETTS FAIR
## CREDIT REPORTING ACT

*35. The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

36. Defendant's actions in failing to remove the credit inquiry, which affected the plaintiff, from the credit reporting agencies represents a gross violation of the Massachusetts Fair Credit Reporting Act.

37. The Defendant also knew or should have known that the plaintiff had raised his concerns that BY NOT removing the alleged ACCOUNT from the

credit reporting agencies would cause great harm to the plaintiff.

*WHEREFORE the Plaintiff Donald Brown demands judgment against Defendant FOR $10,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT IV
## BROWN V. SYNCHRONY FINANCIAL SERVICES COMPANY,
## VIOLATION OF MASS GEN LAWS CH 93A

*38. The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*
39. At all times relevant hereto, Defendant was engaged in trade or commerce within the meaning of Massachusetts statutes.

40.  At all times relevant hereto, Plaintiff was also engaged as a consumer within the meaning of Massachusetts statutes.

41.  As both parties at all times relevant hereto, were engaged in trade or commerce within the meaning of Massachusetts statutes, this is a consumer transaction covered under the Massachusetts Consumer Protection Act.

42.  Defendant's behavior represents unconscionable behavior, said behavior which shocks the conscience and are considered unfair and deceptive business practices. It is settled law in Massachusetts and under Federal Law that unfair and deceptive business practices bring with it higher levels of punishment.

43.  The defendant has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers, like the plaintiff, from the wrongful behaviors complained of above.

44.  As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant the plaintiff has suffered damages.

45.  As a direct and proximate result of the of defendant's Violation of the Massachusetts Consumer Protection Act, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a credit inquiry on plaintiff's credit report which effectively diminish his credit score and

subsequently led a higher cost of credit all due to the acts in Violation of the Massachusetts Consumer Protection Act.

*WHEREFORE the Plaintiff Donald Brown demands judgment against Defendant FOR $10,000.00 (TOTAL DAMGES OF $40,000.00 TO BE TRIPLED UNDER MASS GEN LAWS CHAP 93A) or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT V
## BROWN V. SYNCHRONY BANK
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*46.    The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

47.    The defendant engaged in a 8 YEAR   long and regular pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

47.    The defendant's ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

48.    The wrongdoing of the defendant went far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

49. The behavior of the defendant was atrocious and beyond all bounds tolerated in a civilized society.

50.    The defendant's actions were clearly intentional and malicious and were done solely for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

51.    As a proximate result of defendant's intentional acts the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has his reputation ruined.

52.    As a direct and proximate result of the Intentional Infliction of Emotional

Distress of defendant, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a diminished credit score which effectively reduced what should have been a cheaper cost of credit. That increased credit cost caused plaintiff to suffer from a very poor credit rating caused by misinformation that should have never happened – all due to the Intentional Infliction of Emotional Distress by the defendant.

53.   Plaintiff's ability to enjoy life and to attend to plaintiff's usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Intentional Infliction of Emotional Distress.

*WHEREFORE the Plaintiff Donald Brown demands judgment against Defendant FOR $5000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT VI
## ROWN V. SYNCHRONY BANK
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

*54.   The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

55.   The defendant engaged in a 8 YEAR long and regular pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

56.   The defendant's on-going behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

57.   The wrongdoing of the defendant went far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

58. The behavior of the defendant was atrocious and beyond all bounds tolerated in a civilized society.

59.   The defendant's actions were clearly negligent and malicious and were one solely for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

60.  As a proximate result of defendant's negligent acts the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has his reputation ruined.

61.  As a direct and proximate result of the Negligent Infliction of Emotional Distress of defendant, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a diminished credit score which effectively reduced what should have been a cheaper cost of credit. That increased credit cost caused plaintiff to suffer from a very poor credit rating caused by misinformation that should have never happened – all due to the Negligent Infliction of Emotional Distress by the defendant

62.  Plaintiff's ability to enjoy life and to attend to plaintiff's usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Negligent Infliction of Emotional Distress.

*WHEREFORE the Plaintiff Donald Brown demands judgment against Defendant FOR $10,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT VII
## ROWN V. SYNCHRONY BANK
## VIOLATION OF THE MASSACHUSETTS FAIR
## CREDIT REPORTING ACT

*63. The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

64. Defendant's actions in failing to remove the credit ACCOUNT to the plaintiff's from the credit reporting agencies represents a gross violation of the Massachusetts Fair Credit Reporting Act.

65. The Defendant also knew or should have known that the plaintiff had raised his concerns that by their not removing the alleged ACCOUNT from the credit reporting agencies would cause great harm to the plaintiff.

*WHEREFORE the Plaintiff Donald Brown demands judgment against Defendant FOR $10,0000 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

**COUNT V111**
**ROWN V. SYNCHRONY BANK**
**VIOLATION OF MASS GEN LAWS CH 93A**

*66. The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

67. At all times relevant hereto, Defendant was engaged in trade or commerce within the meaning of Massachusetts statutes.

68. At all times relevant hereto, Plaintiff was also engaged as a consumer within the meaning of Massachusetts statutes.

69. As both parties at all times relevant hereto, were engaged in trade or commerce within the meaning of Massachusetts statutes, this is a consumer transaction covered under the Massachusetts Consumer Protection Act.

70. Defendant's behavior represents unconscionable behavior, said behavior which shocks the conscience and are considered unfair and deceptive business practices. It is settled law in Massachusetts and under Federal Law that unfair and deceptive business practices bring with it higher levels of punishment.

71. The defendant has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers, like the plaintiff, from the wrongful behaviors complained of above.

72. As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant the plaintiff has suffered damages.

73. As a direct and proximate result of the of defendant's Violation of the Massachusetts Consumer Protection Act, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a credit inquiry on plaintiff's credit report which effectively diminish his credit score and subsequently led a higher cost of credit all due to the acts in Violation of the Massachusetts Consumer Protection Act.

*WHEREFORE the Plaintiff Donald Brown demands judgment against Defendant FOR $10,000.00 (TOTAL DAMGES OF $40,000.00 TO BE TRIPLED UNDER MASS GEN LAWS CHAP 93A) or in an amount that will fairly and adequately*

*compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## PRAYER

A. That this Honorable Court order Payment of TEN THOUSAND DOLLARS ($10,000.00) as compensation for the INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS committed by the defendant IN COUNTS I AND V and the harm resulting to plaintiff from said ACTS.

B. That this Honorable Court order Payment of TEN THOUSAND DOLLARS ($10,000.00) as compensation for the additional acts of NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS committed by the defendant in Count II AND VI and the harm resulting to plaintiff from said ACTS.

C. That this Honorable Court order Payment of TEN THOUSAND DOLLARS ($5000.00) as compensation for the VIOLATIONS OF MASSACHUSETTS CREDIT REPORTING ACTSs committed by the defendant in Count III AND VII and the harm resulting to plaintiff from said ACTS.

D. That this Honorable Court order Payment TENTHOUSAND DOLLARS ($10,000.00) as compensation for the violation of the Massachusetts Consumer Protection Act committed by the defendant in Count IV AN VIIII and the harm resulting to plaintiff from said acts which violated the Massachusetts Consumer Protection Act. And, the total damages of $40,000.00 be tripled under that act because the defendant's acts were malicious and designed to punish a consumer for no appropriate reason.

### THE PLAINTIFF CLAIMS TRIAL BY JURY

The Plaintiff
Pro Se

DONALD L BROWN
95 UNIVERSITY AVE APT 2129
WESTWOOD, MA 02090
donaldloringbrown@gmail.com
781 708 9654

Dated: May 16, 2024

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**

**TRIAL COURT DIVISION**
**DEDHAM DISTRICT COURT**
**CA# 2354 CV 000284**

| | |
|---|---|
| **DONALD L. BROWN** | ) |
|     **Plaintiff** | ) |
| **Vs.** | ) |
| | ) |
| **SYNCHRONY FINANCIAL SERVICES COMPANY** | ) |
| **SYNCHHRONY BANK** | ) |
|     **DEFENDANTS** | ) |

## PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

PLAINTIFF HEREBY REQUESTS, PURSUANT TO MASS. R. CIV. P. 34, THAT THE DEFENDANT PRODUCE THE DOCUMENTS DESCRIBED HEREIN TO THE PLAINTIFF AT 95 UNIVERSITY AVE APT 2128, WESTWOOD, MA 02090 ON OR BEFORE THE 50TH DAY AFTER SERVICE OF THIS REQUEST UPON IT.

FOR THE PURPOSE OF THESE REQUESTS, THE FOLLOWING TERMS SHALL MEAN AS NOTED BELOW.

## <u>DEFINITIONS</u>

A. "DOCUMENTS" SHALL MEAN, IN THE BROADEST SENSE, ANY WRITTEN, RECORDED, ELECTRONIC DATA, ELECTRONIC INFORMATION, ELECTRONIC COMMUNICATIONS, OR GRAPHIC MATERIAL, HOWEVER PRODUCED OR REPRODUCED AND ANY MECHANICAL OR ELECTRICAL RECORDING OF THE HUMAN VOICE OR OF ANY INFORMATION OR DATA, IN LONG FORM OR OF AN ELECTRONIC NATURE, BEING BOTH THE "DOCUMENT" AND ANY NON-IDENTICAL COPY OR DUPLICATE, WHETHER NON-IDENTICAL FOR ANY REASON, INCLUDING, BUT NOT LIMITED TO TELEGRAMS; MESSAGES; LETTERS; NOTES; TAPE, SOUND RECORDING, EMAIL, ELECTRONIC DOCUMENT, ELECTRONIC NOTE, TEXT MESSAGE, PHOTO TAKEN ON A SMART PHONE,, OR ANY INFORMATION ENTERED INTO OR SAVED INTO A PHONE APPLICATION, COMPUTER APPLICATION, LAPTOP APPLICATION, OR TABLET APPLICATION OF ANY TYPE OF PERSONAL OR TELEPHONE CONVERSATIONS OR OF MEETINGS OR CONFERENCES; SPEECHES; ADDRESSES; NOTES; REPORTS; RECORD OR MINUTES OF MEETINGS; MEMORANDA; NOTICES; INTER-OFFICE COMMUNICATIONS; INTRA-OFFICE COMMUNICATIONS, INSTRUCTIONS; POLICY MANUALS OR PROCEDURES; STUDIES; ANALYSIS; RECORDS; SURVEYS;

BULLETINS; CIRCULARS; REPORTS; TESTS; LISTS; BOOKS; SUMMARIES; COMPARISONS; TABULATIONS; RESULTS OF INVESTIGATIONS; FINANCIAL STATEMENTS; CONSULTANT OR OTHER REPORTS OF FINANCIAL OR OPERATING RESULTS, WHETHER MADE FOR INTERNAL USE OR OTHERWISE, TOGETHER WITH ALL SUPPORTING SCHEDULES, TRIAL BALANCES, JOURNAL ENTRIES, BOOKS OF ORIGINAL ENTRY AND SUPPORTING SOURCE DOCUMENTS; PROFIT AND LOSS STATEMENTS; BALANCE SHEETS; AUDITS; REVIEW; CONTRACTS; INSURANCE POLICIES; LICENSES; AGREEMENTS; LEDGERS; BOOKS OF ACCOUNT; PAPERS FILED WITH PUBLIC OR GOVERNMENTAL AUTHORITIES; VOUCHERS; BANK CHECKS; INVOICES; EXPENSES REPORTS; CHARGE SLIPS; HOTEL CHARGE; RECEIPTS; BILLS; WORKING PAPERS; STATISTICAL RECORDS; COST SHEETS; PRESS RELEASES; ADVERTISEMENTS; PUBLIC RELATION STATEMENTS AN MATERIALS; PROMOTIONAL MATERIALS; CONTRACT OR BID PROPOSALS; ABSTRACTS OF BIDS; BOOKLETS; PAMPHLETS; STENOGRAPHER'S NOTEBOOKS; TELEPHONE RECORDS OR MESSAGES; DESK CALENDARS; APPOINTMENT BOOKS; DIARIES; TIME SHEETS OR LOGS; MAPS; DATA SHEETS; DATA PROCESSING CARDS; COMPUTER TAPES; PUNCHED CARDS; MICROFILM, MICROFICHE, OR ANY RECORDS CODED ELECTROSTATICALLY, ELECTROMAGNETICALLY OR OTHERWISE, WHICH ARE MACHINE-READABLE; COMPUTER SOFTWARE PROGRAMS, DESCRIPTIONS, DICTIONARIES, TRAINING MANUALS OR INSTRUCTIONS; CLAIM OR TRANSACTION FILES; DRAWINGS, BLUEPRINTS (INCLUDING COMPLETE HISTORY OF REVISIONS), SKETCHES, FLOW DIAGRAMS, PHOTOGRAPHS, NOTEBOOKS, INSTRUCTIONS, INVOICES, BILLS, RECEIPT, SPECIFICATIONS, OR WRITINGS OF SIMILAR KIND.

B.    "DEFENDANT" SHALL MEAN THE DEFENDANT, SYNCHRONY BANK AND ITS ATTORNEYS, AGENTS, SERVANTS AND/OR EMPLOYEES.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    ALL LETTERS, NOTES, RECORDS, PAPERS OR OTHER DOCUMENTS CONTAINING OR REFERRING IN ANY WAY TO ANY COMMUNICATION BETWEEN THE DEFENDANT AND THE PLAINTIFF WITH RESPECT TO THE DEFENDANT'S INTENDED DEFENSE TO THE PLAINTIFF'S CLAIMS, OR ANY OTHER MATTER ALLEGED IN THE PLAINTIFF'S COMPLAINT.

2.    ALL INVESTIGATIVE OR INCIDENT REPORTS REGARDING THE MATTERS ALLEGED IN THE PLAINTIFF'S COMPLAINT PREPARED BY THE DEFENDANT, ELECTRONIC OR OTHERWISE, ITS AGENTS, SERVANTS OR EMPLOYEES, ON ANYONE ACTING ON THE DEFENDANT'S BEHALF.

3. ALL STATEMENTS OF THE PLAINTIFF, WHETHER WRITTEN OR TRANSCRIBED, FROM ANY SOURCE, ELECTRONIC OR OTHERWISE, REGARDING THE MATTERS ALLEGED IN THE PLAINTIFF'S COMPLAINT.

4. ALL STATEMENTS OF THE PLAINTIFF, WHETHER WRITTEN, TRANSCRIBED, ELECTRONIC OR OTHERWISE, FROM ANYONE HAVING KNOWLEDGE OF THE MATTERS ALLEGED IN THE PLAINTIFF'S COMPLAINT OR IN DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT.

5. ALL DOCUMENTS THAT RELATE IN ANY WAY TO THE DEFENSES RAISED BY THE DEFENDANT IN ITS ANSWERS TO PLAINTIFF'S COMPLAINT, ELECTRONIC OR OTHERWISE, INCLUDING, BUT NOT LIMITED TO ANY RELEASE, WAIVER OR CONSENT BY THE PLAINTIFF.

6. ALL REPORTS, MEMORANDA, EMAILS, ELECTRONIC TRANSMISSIONS, TEXT MESSAGES, ELECTRONIC NOTES, ELECTRONIC DOCUMENTS, ELECTRONIC TRANSMISSIONS, AND THE LIKE THAT REFLECT OR EVIDENCE THE ORAL CONTRACT ENTERED INTO BY THE DEFENDANT WITH THE PLAINTIFF AS ALLEGED IN THE PLAINTIFF'S COMPLAINT.

7. ALL REPORTS, MEMORANDA, EMAILS, ELECTRONIC TRANSMISSIONS, TEXT MESSAGES, ELECTRONIC NOTES, ELECTRONIC DOCUMENTS, AND THE LIKE THAT REFLECT OR EVIDENCE THE VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT BY THE DEFENDANT AS ALLEGED IN THE PLAINTIFF'S COMPLAINT.

8. THE CURRICULUM VITAE FOR EACH AND EVERY EXPERT WITNESS THE DEFENDANT EXPECTS TO CALL AS A WITNESS AT THE TRIAL OF THIS MATTER INCLUDING ALL COMMUNICATION WITH SAID EXPERT VIA EMAIL, TEXT MESSAGE, ELECTRONIC NOTES, ELECTRONIC DOCUMENTS, AND THE LIKE.

9. ALL DOCUMENTS INCLUDING EMAILS, ELECTRONIC TRANSMISSIONS, TEXT MESSAGES, ELECTRONIC NOTES, ELECTRONIC DOCUMENTS, AND THE LIKE THE DEFENDANT INTENDS TO INTRODUCE AT TRIAL.

10. ALL DOCUMENTS CONCERNING THE TESTIMONY THAT DEFENDANTS EXPECT THEIR EXPERT WITNESSES TO OFFER AT TRIAL OF THIS MATTER, INCLUDING ALL COMMUNICATIONS, EMAILS, ELECTRONIC TRANSMISSIONS,

TEXT MESSAGES, ELECTRONIC NOTES, ELECTRONIC DOCUMENTS, AND THE LIKE WITHOUT LIMITATION:

a) DOCUMENTS AND/OR RECORDS, ELECGTRONIC OR OTHERWISE, THAT ANY SUCH EXPERT WITNESS HAS STUDIED OR WILL STUDY IN CONNECTION WITH HIS OR HER TESTIMONY;

b) STUDIES CONCLUDED BY THE EXPERT WITNESS;

c) EXPERT REPORTS SUBMITTED TO DEFENDANTS; AND

d) PRELIMINARY DOCUMENTS GENERATED BY ANY EXPERT WITNESS BUT NOT INCLUDED IN THE EXPERT REPORT.

11. ALL DOCUMENTS CONCERNING EXPERTS THE DEFENDANT HAS CONSULTED BUT DO NOT ANTICIPATE CALLING AS WITNESSES TO TESTIFY AT THE TRAIL OF THIS MATTER, INCLUDING WITHOUT LIMITATION, ANY REPORTS BY ANY CONSULTING EXPERT(S) TO DEFENDANT.

12. COPIES OF ANY COMPLAINTS OR REPORTS MADE BY THE PLAINTIFF TO ANYONE CONCERNING THE FACTS ALLEGED IN THE PLAINTIFF'S COMPLAINT.

13. COPIES OF ANY AND ALL COMMUNICATIONS BY, BETWEEN OR AMONG THE DEFENDANT, INCLUDING ALL MEMBERS OF THE BOARD OF DIRECTORS, MANAGEMENT TEAM AND/OR ANY GOVERNMENTAL, LAW ENFORCEMENT OR OTHER INDUSTRY-RELATED ENTITY INCLUDING THE DEPARTMENT OF JUSTICE, THE FBI, THE CIA, THE NSA, AND ANY OTHER GOVERNMENT RELATED AGENCIES INCLUDING, BUT NOT LIMITED TO ALL ELECTRONIC TRANSMISSIONS, EMAILS, TEXT MESSAGES, ELECTRONIC REPORTS GENERATED CONCERNING THE PLAINTIFF, AND THE LIKE CONCERNING THE FACTS ALLEGED IN THE PLAINTIFF'S COMPLAINT.

14. COPIES OF ANY AND ALL COMMUNICATIONS BY, BETWEEN OR AMONG THE DEFENDANT, INCLUDING ALL MEMBERS OF THE BOARD OF DIRECTORS, MANAGEMENT TEAM AND/OR ANY OTHER CORPORATE ENTITY, AND/OR CORPORATE SHAREHOLDERS WHO OWN MORE THAN 5% OF DEFENDANT'S PUBLICALLY TRADED SHARES, AND ANY OTHER CORPORATE RELATED AGENCIES INCLUDING, BUT NOT LIMITED TO ALL ELECTRONIC TRANSMISSIONS, EMAILS, TEXT MESSAGES, ELECTRONIC REPORTS GENERATED CONCERNING THE PLAINTIFF, AND THE LIKE CONCERNING THE FACTS ALLEGED IN THE PLAINTIFF'S COMPLAINT.

15. COPIES OF ANY AND ALL DOCUMENTATION OF CLAIMS, OTHER THAN THE INSTANT CLAIM, MADE AGAINST THE DEFENDANT FOR ALLEGED VIOLATION OF GL C 93A WITHIN THE PERIOD FROM JANUARY 1, 2020 TO PRESENT.

16.  ALL LETTERS, COMMUNICATIONS, ELECTRONIC TRANSMISSIONS, EMAILS, TEXT MESSAGES, ELECTRONIC NOTES, FROM UNHAPPY CONSUMERS OVER THE PAST THREE YEARS INTO THE PAST FROM THE DATE MAY 15, 2024 INCLUDING, BUT NOT LIMITED TO ANY RECORDS OR COMMUNICATIONS OF ANY EVENTS WITHIN WHICH A CONSUMER COMPLAINED CONCERNING THE DETAILS CONTAINED IN THE COMPLAINT.

17. ALL THE METADATA (DEFENDANT IN-APP METADATA, IN-HOUSE COMPUTER, LAPTOP, TABLET, AND TEXT-MESSAGES FOR ALL EMPLOYEES MANAGEMENT LEVEL AND UP, INCLUDING, BUT NOT LIMITED TO MANAGEMENT TEAMS AND THE BOARD OF DIRFECTORS) FOR ANY PERSON, EMPLOYESS, PROGRAMMERS, MANAEGEMENT, OR DIRECTOR WHO IS/WAS INVOLVED IN THE DECISION-MAKING PROCESS OR PROGRAMMING PROCESS FOR UPDATES, AND FOR DEFENDANT ALTERATIONS TO DEFENDANT'S SOFTWARE AS WELL AS NOT GIVING CONSUMERS MORE THAN A SINGLE CHOICE.

18. ALL DEFENDANT IN-APP METADATA, COMPUTER, LAPTOP, TABLET, AND TEXT-MESSAGES CONCERNING ANY CHANGES TO THE DEFENDANT'S SMARTPHONE SOFTWARE, CHANGES TO SAID SOFTWARE, CONSIDERATIONS FOR CHANGES TO SAID SOFTWARE, ANY COMMUNICATION BETWEEN ANY DIRECTOR WITH THE U.S. GOVERNMENT, DEPARTMENT OF JUSTICE, FBI, CIA, NSA, OR ANY OTHER GOVERNMENT AGENCY OR EMPLYEE CONCERNING IN REGARDS TO VIOLATING CONSUMER'S PRIVACY OR SHARING CONSUERM'S DATA.

19. ANY AND ALL EMAILS AND/OR TEXT-MESSAGES EXCHANGED BETWEEN ALL EMPLOYESS, CONSULTANTS, OR CONTRACTORS OF DEFENDANT INCLUDING MANAGEMENT TEAMS AND ABOVE INCLUDING, BUT NOT LIMITED TO DIRECTORS OF THE COMPANY WHO ARE INVOLVED IN THE CORPORATE PROGRAM DESIGN AND DECISION MAKING PROCESS.

**DONALD L. BROWN**
**PRO SE**

**95 UNIVERSITY AVE APT 2128**
**WESTWOOD, MA 02090**
**781 708 9654**
<u>donaldloringbrown@gmail.com</u>
**Dated: MAY 22, 2024**

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                                          **TRIAL COURT DIVISION**
                                                         **DEDHAM DISTRICT COURT**
                                                         **CA# 2354 CV 000284**

| | |
|---|---|
| **DONALD L. BROWN** | ) |
|     **Plaintiff** | ) |
| **Vs.** | ) |
| | ) |
| **SYNCHRONY FINANCIAL SERVICES COMPANY** | ) |
| **SYNCHHRONY BANK** | ) |
|     **DEFENDANTS** | ) |

## PLAINTIFF DONALD L. BROWN'S INTERROGATORIES TO DEFENDANT SYNCHRONY BANK.

Plaintiff Donald L. Brown hereby requests that the DEFENDANT SYNCHRONY BANK ("SYNCBANK") answer the following interrogatories pursuant to Mass. R. Civ. P.

## I. DEFINITIONS

For the purpose of these interrogatories, the following terms shall mean as noted below.

A. "Documents" shall mean, in the broadest sense, any written, recorded or graphic material, however produced or reproduced and any mechanical or electrical recording of the human voice or of any information or data, being both the "document" and any non-identical copy or duplicate, whether non-identical for any reason, including, but not limited to telegrams; messages; letters; notes; tape or sound recording of any type of personal or telephone conversations or of meetings or conferences; speeches; addresses; notes; reports; record of meetings; memoranda; notices; inter-office communications; instructions;

policy manuals or procedures; studies; analysis; records; surveys; bulletins; circulars; reports; tests; lists; books; summaries; comparisons; tabulations; results of investigations; financial statements; consultant or other reports of financial or operating results, whether made for internal use or otherwise, together with all supporting schedules, trial balances, journal entries, books of original entry and supporting source documents; profit and loss statements; balance sheets; audits; review; contracts; insurance policies; licenses; agreements; ledgers; books of account; papers filed with public or governmental authorities; vouchers; bank checks; invoices; expenses reports; charge slips; hotel charge; receipts; bills; working papers; statistical records; cost sheets; press releases; advertisements; public relation statements an materials; promotional materials; contract or bid proposals; abstracts of bids; booklets; pamphlets; stenographer's notebooks; telephone records or messages; desk calendars; appointment books; diaries; time sheets or logs; maps; data sheets; data processing cards; computer tapes; punched cards; microfilm, microfiche, or any records coded electrostatically, electromagnetically or otherwise, which are machine-readable; computer software programs, descriptions, dictionaries, training manuals or instructions; claim or transaction files; drawings, blueprints (including complete history of revisions), sketches, flow diagrams, photographs, notebooks, instructions, invoices, bills, receipt, specifications, or writings of similar kind.

**B.**   "Plaintiff" shall mean the plaintiff, Donald L. Brown

**C.**   "Defendant" shall mean the defendant, SYNCRONY BANK its attorneys, agents, servants and/or employees.

## II. INSTRUCTIONS

In answering these Interrogatories, the following instructions shall be complied with:

A. The answering party is required to furnish such information as is available to him or her. Therefore, before answering these Interrogatories please make inquiry to any and all attorneys, agents, servants and/or employees and any and all relevant records, documents or materials which are available to the answering party.

B. Whenever information contained in the answer to any Interrogatory is not within the personal knowledge of the person answering these interrogatories, please specify, in addition to the answer, the (a) name and address of the person or persons supplying the information used in answering the Interrogatory, and (b) the document or documents used in answering the Interrogatory, including the production of any such document or documents.

C. Whenever an answer to an interrogatory contains the identity of some person or entity other than the answering party specify the name and address of such person and/or entity.

D. Whenever identification of documents is called for in these Interrogatories, legible copies of the documents shall be furnished in lieu of identification to the extent that the information called for is provided in the document.

E. Unless otherwise stated, all information requested shall be for the period of **January 1, 2022** to the present time, and continuing during the pendency of this action.

F. If the answering party objects to answering a particular Interrogatory, the specific ground for such objection shall be stated.

g. If the answering party is unable to answer an interrogatory at the present time due to unavailability of information, and said information becomes available at a subsequent time, the answering party must seasonably supplement their answers to

these interrogatories.

## <u>INTERROGATORIES</u>

1. Please state your name, home address, employer's name, employer's address, and, if the defendant is a corporation, your relationship or position with the defendant.

2. Please state the defendant's true name on the date of each occurrence as alleged in the plaintiff's complaint and, if the defendant is a corporation, sate the date and place of incorporation and whether the DEFENDANT was authorized to conduct business in Massachusetts.

3. Please identify by name, address and occupation every person having knowledge of the facts of the incidents alleged in the plaintiff's complaint.

4. Please describe in detail the relationship between the defendant and every person involved in the conduct alleged in plaintiff's complaint at the time the conduct occurred, included but not limited to, whether each person was authorized by defendant to engage in such conduct.

5. Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as violating the plaintiff's privacy rights.

6. Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as to the intentional infliction of emotional distress upon the plaintiff.

7. **Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as to the negligent infliction of emotional distress upon the plaintiff.**

8. **Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as violating the Massachusetts Fair Credit Reporting Act.**

9. **Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as to the unfair and deceptive acts in violation of the Massachusetts Consumer Protection Act, Chapter 93A.**

10. **Please state the date and manner in which the defendant first learned of the occurrences alleged in the plaintiff's complaint.**

11. **If you contend that defendant's conduct, as alleged in the plaintiff's complaint, was reasonable under the circumstances, please state each and every fact on which that contention is based.**

12. **If you contend that defendant's conduct, as alleged in the plaintiff's complaint, or the intrusion resulting therefrom was trivial or insubstantial, please state each and every fact on which that contention is based.**

13. **If you contend that defendant's conduct, as alleged in the plaintiff's complaint, or the intrusion resulting therefrom was not serious, please state each and every fact on which that contention is based.**

14.    Please describe in detail any conduct of the plaintiff that you contend caused or contributed to the incidents alleged in plaintiff's complaint, including in your answer:

A)    The date, time and place that all such conduct occurred:

B)    Exactly how you contend the plaintiff's conduct caused or contributed to the occurrences; and

C)    Each and every fact on which this contention is based.

15.    If you contend that the defendant's conduct, as alleged in plaintiff's complaint, did not interfere with or intrude on the plaintiff's privacy rights, please state each and every fact on which this contention is based.

16.    If you contend that the defendant's conduct, as alleged in plaintiff's complaint, regarding the Intentional Infliction of Emotional Distress, did not harm the plaintiff, please state each and every fact on which this contention is based.

17.    If you contend that the defendant's conduct, as alleged in plaintiff's complaint, regarding the Negligent Infliction of Emotional Distress, did not harm the plaintiff, please state each and every fact on which this contention is based.

18.    If you contend that the defendant's conduct, as alleged in plaintiff's complaint, did not violate the Massachusetts Fair Credit Reporting Act, did not harm the plaintiff, please state each and every fact on which this contention is based.

19.    If you contend that the defendant's conduct, as alleged in plaintiff's complaint, regarding the violation of the Massachusetts Consumer Protection Act, did not harm the

plaintiff, please state each and every fact on which this contention is based.

20.     Please describe in detail each and every communication, whether written, oral or electronic, between the plaintiff and the defendant concerning the matters alleged in plaintiff's complaint, including:

a)     The date, time and place of each such communication;

b)     The name address and relationship to the parties of this action of each and every person present at the time of each such communication;

c)     The scope of the communication, including the names and addresses of each and every person to whom the matter was communicated; and

d)     The substance of each such communication.

21.     If you contend that the plaintiff's injuries and damages, as alleged in plaintiff's complaint, were the result of the conduct of third parties, for whose conduct the defendant is not liable, please state:

a)     The name, home address, employer's name, employer's address and relationship, if any, to the defendant for each and every such person;

b)     The precise nature of the conduct that you contend caused or contributed to the plaintiff's alleged injuries or damages;

c)     The date, time and place of each such conduct, including the name of each person involved in that conduct; and

d)     Each and every fact on which this contention is based.

22.     Please identify each and every policy, rule or regulation that the defendant has promulgated or adopted with respect to

the matters alleged in plaintiff's complaint, including in you answer the substance of each said policy, rule or regulation.

23.     Please identify by name, home address, employer's name, employer's address and relationship, if any, to the defendant the custodians of their information regarding the plaintiff as involved in the matters alleged in plaintiff's complaint.

24.     Please describe the nature of any information, maintained, held or otherwise in possession of the defendant regarding the plaintiff, as alleged in plaintiff's complaint.

25.     If you contend the information regarding the plaintiff as alleged in plaintiff's complaint is not personal information regarding the plaintiff, please state each and every fact on which that contention is based.

26.   If you contend that the information regarding the plaintiff as alleged in plaintiff's complaint is not intimate details of a highly personal nature regarding the plaintiff, please state each and every fact on which this contention is based. And, if you contend that the disclosure of the information regarding the plaintiff, as alleged in the plaintiff's complaint was not an unwarranted invasion of the plaintiff's privacy rights, please state each and every fact on which this contention is based.

27.     If you contend that the plaintiff did not have a reasonable expectation of privacy with respect to the information regarding the plaintiff, as alleged in the plaintiff's complaint was not an unwarranted invasion of the plaintiff's privacy rights, please state each and every fact on which this contention is based.

28.     If the defendant contends that it, or the general public, had a legitimate interest in the matters alleged in the plaintiff's

complaint that form the basis for the plaintiff's claim or invasion of privacy, please state the exact nature of that interest and each and every fact on which this contention is based.

29.    If you contend that the defendant's legitimate business interests outweigh the plaintiff's privacy interests, please state:

a)    The exact nature of the defendant's legitimate business interests;

b)    Each and every fact on which this contention is based.

**The Plaintiff**
**Pro Se**

# DONALD L BROWN
# 95 UNIVERSITY AVE APT 2128
# WESTWOOD, MA 02090
# donaldloringbrown@gmail.com
# 781 708 9654

# Dated: MAY 22, 2024



Mr. Donald Brown
Unit 2128
95 University Ave
Westwood, MA 02090

4589 0710 5270 1314 5934 07

Draper Mail Room
SYF

RECEIVED

MAY 2 8 2024

SYNCHRONY BANK
170 WEST ELECTION ROAD
DRAPER, UTAH 84020.



Retail



RDC 99

84020-



U.S. POST
FCM LGE E
WESTWO(
MAY 24, 2

$10.
R2305E12