**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| DONALD L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 24-CV-11553-AK |
| v. | ) | |
| | ) | |
| SYNCHRONY FINANCIAL | ) | |
| SERVICES COMPANY, AND | ) | |
| SYNCHRONY BANK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM**

**A. KELLEY, D.J.**

In Plaintiff Donald L. Brown's ("Brown") Complaint, originally filed in Dedham District

Court on May 16, 2024, and removed to this Court by Defendant Synchrony Bank

("Synchrony") on June 14, 2024, Brown makes eight claims: Intentional Infliction of Emotional

Distress (Counts I and V); Negligent Infliction of Emotional Distress (Counts II and VI);

violation of the Massachusetts Credit Reporting Act ("MCRA") (Counts III and VII); and,

violation of Massachusetts General Law Chapter 93A ("Ch. 93A") (Counts IV and VIII).  In his

Complaint, Brown alleges that more than eight years ago, a person with the same name opened

an account, which then appeared on his credit report.  Brown claims that he immediately asked

Synchrony to open an investigation and remove the account. Then, on August 25, 2022, he

mailed a consumer complaint letter to Synchrony, but Synchrony allegedly refused his request,

and subsequently Synchrony "reported plaintiff" to the consumer reporting agencies, which had

the effect of lowering his credit score.

1

On April 21, 2023, Brown filed an *identical* complaint ("first complaint"), with the same parties and claims, based on the same set of facts, in Dedham District Court, which was then removed by Synchrony to another court in this District.  Brown v. Synchrony Fin. Servs. Co. et al., 23-CV-11047-DJC (D. Mass. July 13, 2023).  In that case, Synchrony similarly filed a motion to dismiss; however, Brown failed to respond.  On June 5, 2023, the court issued an Order to Show Cause, ordering Brown to explain "why this case should not be dismissed and file any opposition to the pending motion.  Failure to do so may result in immediate dismissal of this case."  Id. [Dkt. 9].  Brown failed to respond and the case was dismissed for failing to comply with the court's order.  Id.

Returning to the matter at hand, Synchrony has again filed a motion to dismiss, arguing that, among other things, Brown's claims in the current complaint are precluded by res judicata.  This Court agrees.

The doctrine of claim preclusion, or res judicata, prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate."  Taylor v. Sturgell, 553 U.S. 880, 892 (2008).  Claim preclusion requires proof of three elements: "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related."  Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).  Those three elements are satisfied here.

The second and third elements are easily dispended with, as the claims and parties are identical.  Turning to the first element, although this Court empathizes with Brown's hospital stay that interrupted his life and prior proceedings, the court's dismissal of the first complaint does operate as a final judgment on the merits.  As mentioned, the first complaint was dismissed

2

after Brown failed to comply with the court's order.  Rule 41(b) of the Federal Rules of Civil

Procedure provides in relevant part: "If the plaintiff fails to prosecute or to comply with these

rules or a *court order*, . . . [u]nless the dismissal order states otherwise, a dismissal . . . operates

as an adjudication on the merits."  Fed. R. Civ. P. 41(b) (emphasis added).  Although not all

judgments "on the merits" in one court are entitled to claim-preclusive effect in all courts, "the

effect of the 'adjudication upon the merits' default provision of Rule 41(b) . . . is simply that,

unlike a dismissal 'without prejudice,' the dismissal . . . bar[s] refiling of the same claim in the

[same] United States District Court . . . ."  Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S.

497, 506 (2001); see also Bragg v. Flint Bd. of Educ., 570 F.3d 775, 776 (6th Cir. 2009) (finding

that where the action was dismissed under Rule 41(b) "for lack of progress," claim preclusion

barred a second action arising out of the same events); Owens v. Kaiser Found. Health Plan, Inc.,

244 F.3d 708, 714 (9th Cir. 2001) ("[I]nvoluntary dismissal generally acts as a judgment on the

merits for the purposes of res judicata.") (quoting United States v. Schimmels, 127 F.3d 875, 884

(9th Cir. 1997) (internal quotation marks omitted)); In re Leak, No. 19-10396-FJB, 2020 WL

3950111, at *3 (Bankr. D. Mass. July 10, 2020) ("'The rule stated in this Section,' that a valid

and final personal judgment rendered in favor of the defendant bars another action by the

plaintiff on the same claim, 'is applicable to a judgment for defendant based on the failure of the

plaintiff to prosecute his claim with diligence, to obey an order of the court, or to appear at the

appointed time.'" (quoting Restatement (Second) of Judgments § 19 cmt. e (Am. L. Inst. 1982)).

As the order did not state otherwise, dismissal of the first complaint resulted in a final judgment

on the merits.  As a result, the three elements of res judicata are satisfied here. All of Brown's

current claims are precluded by the dismissal of the first complaint.

Of note, had the Court found res judicata inapplicable, Synchrony argues dismissal is appropriate on two additional grounds: (1) preemption by the Fair Credit Reporting Act ("FCRA") and (2) insufficiency of the pleadings.  This Court agrees—even absent res judicata—that each claim fails on at least one, but likely both, of these grounds.  See Brown v. JPMorgan Chase & Co., 22-CV-11298-FDS, 2023 WL 3511363, at *4-5 (D. Mass. May 17, 2023) (finding Brown's MCRA and Ch. 93A claims preempted by the FCRA); Brown v. Wells Fargo Bank, N.A. et al., 24-CV-10952-LTS (D. Mass. Oct. 16, 2024) (finding Brown's intentional infliction of emotional distress, negligent infliction of emotional distress, and Ch. 93A claims preempted by the FCRA); see also Leet v. Cellco P'ship, 480 F. Supp. 2d 422, 431, 433 (D. Mass. 2007) (finding negligence and MCRA claims preempted by the FCRA).

Finally, based on a brief review by this Court, it appears Brown has filed more than 30 suits in this District since 2018.  Of those cases, nine remain active.  Importantly, six of those active cases were filed *after* Brown was warned in a separate order that "if he continues to file groundless or vexatious lawsuits, he may be enjoined from filing further actions in this Court absent permission from a District Judge."  Brown v. JPMorgan Chase & Co., 24-CV-11571-FDS, 2024 WL 4393303, at *3 (D. Mass. Oct. 3, 2024).  Brown is reminded of that warning.

For the forgoing reasons, Synchrony Bank's Motion to Dismiss for Failure to State a Claim [Dkt. 8] is **GRANTED** and the action is **DISMISSED**.

**SO ORDERED.**

Dated: January 31, 2025                     /s/ Angel Kelley
                                            Hon. Angel Kelley
                                            United States District Judge

4